## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JENNIFER H.,

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

Case No. 19-cv-0959 (JRT/ECW)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). (Dkt. 21.) Plaintiff seeks attorney's fees under the EAJA in the amount of $8,160.00 plus $500.00 in costs associated with filing Docket Entries Nos. 1 & 2. (*Id.*) The Commissioner has filed a response noting no objections to the amount of fees or costs requested by Plaintiff. (Dkt. 25.) This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's Motion be granted.

## I.    BACKGROUND

On April 8, 2018, Plaintiff filed this case seeking judicial review of a final decision by Defendant denying her application for disability insurance benefits. (Dkt. 1.) As part of her motion for summary judgment, Plaintiff challenged the Administrative Law Judge's ("ALJ") RFC assessment that she could perform a limited range of work at the light exertional level; and argued that the ALJ's finding that she is not disabled was

made in error, in part, because it "failed to engage in a legally required analysis under SSA policy in this borderline age case where Plaintiff was less than 5 months short of becoming a person closely approaching advanced age as of the date of the decision." (Dkt. 12 at 4.)[1]  On December 2, 2019, parties stipulated to remand the case to the defendant Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further administrative proceedings.  (Dkt. 16.)  On December 3, 2019, this Court issued an order denying Plaintiff's Motion for Summary Judgment (Dkt. 11) without prejudice as moot and remanding the case to the Commissioner for further administrative action.  (Dkt. 18.)

## II.    ANALYSIS

### A.    Legal Standard

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted).  Congress has provided for limited exceptions to the general rule.  *Id*.  The EAJA is one of those exceptions.  The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances

---

[1]    20 C.F.R. § 404.1563(b) provides that age categories will not be applied "mechanically in a borderline situation" when claimants "are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [claimants] are disabled."

make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

> [A] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).  Any attorney's fees awarded under the EAJA must be

reasonable.  *See* 28 U.S.C. § 2412(b).

Attorney's fees are not to be awarded under the EAJA merely because the

Government lost the case.  *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)

(citations omitted).  However, Plaintiff is entitled to fees unless the Government's

position was substantially justified.  *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir.

2003).  The Government bears the burden of proving substantial justification for its

position in the litigation.  *Id.*  Here, the Government is not claiming that its position was

substantially justified.

**B.      Reasonableness of Fees and Costs**

**1.      Appropriate Hourly Rate**

Plaintiff, through the motion of her counsel, as well as their exhibits, requests fees

in the amount of $8,160.00, calculated at the rate of 40.00 hours x $204.00/hour plus

$500.00 in costs associated with Docket Entries Nos. 1 and 2. (Dkts. 21-22.) Plaintiff's

counsel asserts that the $204.00 per hour billing rate is consistent with the Consumer

Price Index ("CPI") for urban consumers for the period the work was performed. (Dkt.

21 ¶ 6.) The EAJA provides that "attorney fees shall not be awarded in excess of $125

per hour unless the court determines that an increase in the cost of living or a special

factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has

concluded that this language means "that 'the district court may, upon proper proof,

increase the . . . rate for attorney's fees to reflect the increase in the cost of living . . . .'"

*Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d

1333, 1336 (8th Cir. 1988) (citations omitted)). The CPI constitutes "'proper proof' of

the increased cost of living since the EAJA's enactment and justifies an award of

attorney's fees greater than [that provided for by the EAJA]." *Id*. (citations omitted); *see*

*also Kelly*, 862 F.2d at 1336 (citations omitted). The cost of living adjustment is

calculated by multiplying the standard EAJA rate by the CPI for urban consumers for

each year attorney's fees are sought, and then dividing the product by the CPI in the

month that the cap was imposed, in this case 155.7 for March of 1996, the year the new

statutory cap of $125 was put into place. *See Knudson v. Barnhart*, 360 F. Supp. 2d 963,

974 (N.D. Iowa 2004). As stated previously, the Government does not dispute either the

costs associated with Docket Entries Nos. 1 and 2 or the hourly rate or number of hours

Plaintiff's counsel claims, and the Court finds that $204.00 per hour is a reasonable rate

based on the cost of living adjustment for the period of time the work was performed.

*See* Bureau of Labor and Statistics, *Historical Price Index, Urban Consumers (CPI-U)*

https://www.bls.gov/cpi/tables/supplemental-files/historical-cpi-u-202004.pdf.

### 2.    Reasonableness of the Time Expended by Plaintiff's Counsel

The Court has reviewed the itemized time records for the work performed in this

case and finds that the hours billed, and the legal work performed, are not excessive or

unreasonable.  Courts routinely grant motions requesting reimbursement for a similar

number of hours.  *See*, *e.g.*, *Rodgers v. Astrue*, No. 09-1214 (DWF/SER), 2011 WL

721528, at *4 (D. Minn. Feb. 3, 2011), *R.&R. adopted*, No. CIV. 09-1214 (DWF/SER),

2011 WL 721245 (D. Minn. Feb. 22, 2011) (approximately 21 hours); *Coppernoll v.*

*Astrue*, No. 08-cv-382-bbc, 2009 WL 3482120 (W.D. Wis. 2009) (approximately 46

hours).

### C.    Conclusion

Based on the above, the Court recommends an award of **$8,160.00** in attorney's

fees plus **$500.00** in costs[2] ($400 filing fee and $100 pro hac vice admission fee) to

Plaintiff.

---

[2]    The EAJA expressly allows for the recovery of costs "[e]xcept as otherwise
specifically prohibited by statute[.]"  28 U.S.C. § 2412(a)(1); *see Massie v. Colvin*, No.
14-CV-2888 (SRN/FLN), 2016 WL 2853511, at *2 (D. Minn. May 16, 2016) (awarding
costs under the EAJA in Social Security appeal).

## III.    RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS**

**RECOMMENDED** that:

1.    Plaintiff's Counsel's Plaintiff's Motion for Attorney's Fees Pursuant to the

Equal Access to Justice Act ("EAJA") (Dkt. 21) be **GRANTED** and Plaintiff be

**AWARDED** $8,160.00 for reasonable attorney's fees under the EAJA plus $500.00 in

costs.

2.    In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the

EAJA award be payable to Plaintiff as the litigant and subject to offset to satisfy any pre-

existing debts that the litigant may owe to the United States.


DATED: June 5, 2020                                *s/ Elizabeth Cowan Wright*
                                                   ELIZABETH COWAN WRIGHT
                                                   United States Magistrate Judge



## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).